**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JOSEPH BUCHHOLZ,** *et al.*, ) | **CASE NO. 1:12CV3119** |
| Plaintiffs, ) | |
| v. ) | **MAGISTRATE JUDGE GREG WHITE** |
| **BALDWIN WALLACE UNIVERSITY,** ) *et al.*, ) | |
| Defendants. ) | **MEMORANDUM OPINION & ORDER** |

On November 21, 2012, Plaintiffs Joseph Buchholz ("Buchholz") and William Reickert ("Reickert") (jointly referred to as "Plaintiffs"), filed a Complaint against Defendants Baldwin Wallace University ("Baldwin Wallace"), Ronald Bokan, Sr. ("Bokan"), and Bill Kerbusch (Kerbusch"), (jointly referred to as "Defendants"), in Cuyahoga County Court of Common Pleas. Plaintiffs alleged sexual harassment, wrongful retention and supervision, failure to provide a safe working environment, assault and battery, civil liability for criminal conduct, and wrongful termination. (Doc. No. 1-1 at 3-11.) Plaintiffs sought damages in excess of $25,000.

Because the Complaint referenced "federal law," Defendants removed the matter based upon federal question jurisdiction.[1] *See* 28 U.S.C. § 1331. (Doc. No. 1.) Plaintiffs initially did not object or request a remand. At the telephonic Case Management Conference held on February 21, 2013, the Court questioned subject-matter jurisdiction and requested the parties to address the issue. (Doc. No. 14.) Briefing is now complete. (Doc. Nos. 15, 17.)

Plaintiffs now request that the case be remanded arguing that subject-matter jurisdiction is lacking. (Doc. No. 17.)

A federal district court summarized the issue of removal law and subject-matter

---

[1] All Defendants consented to the removal even though Kerbusch and Bokan had not yet been served. (Doc. No. 1 at ¶ 3.) Subsequently, waivers of service were filed. (Doc. Nos. 13 & 17.)

jurisdiction as follows:

> A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses subject matter jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). In the absence of diversity, civil actions filed in state court may only be removed if the claim "arises under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) (citing 28 U.S.C. § 1441(b)). Whether a claim arises under federal law is judged on the allegations of the well-pleaded complaint. *Id.* at 6-8. The presence of a federal defense to a state law claim is insufficient to confer federal jurisdiction. *Id.* at 6. Under this "well-pleaded complaint rule," the plaintiff is the master of his complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A defendant is not permitted to force federal jurisdiction onto an unwilling plaintiff. Rather, "the question whether a party claims a right under the Constitution or laws of the United States is to be ascertained by the legal construction of its own allegations, and not by the effect attributed to those allegations by the adverse party." *Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 460, 14 S.Ct. 654, 38 L.Ed. 511 (1894). Further, this Court must proceed cautiously in deciding that it has subject matter jurisdiction. "The Constitution allows federal courts only a limited and special jurisdiction, and powers not given to the federal courts by Congress are reserved to the primary repositories of American judicial power: state courts." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). Accordingly, as the Sixth Circuit has declared, "[A]ll doubts as to the propriety of removal are resolved in favor of remand." *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005).
>
> The "'arising under' gateway into federal court," as the Sixth Circuit has recently explained, "has two distinct portals." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006). The first portal "admits litigants whose causes of action are created by federal law, that is, where federal law provides a right to relief." *Id.* The second provides federal jurisdiction for state law claims that "implicate significant federal issues." *Id.*

*Gates v. Ohio Sav. Bank Ass'n*, 2008 WL 928489, *2-3 (N.D. Ohio Apr. 4, 2008). Moreover, lack of jurisdiction would make any judgment in the case void and the continuation of the litigation in federal court futile. *Eastman* at 549-550 (*citing Brown v. Francis*, 75 F.3d 860, 864-865 (3d Cir. 1996). Additionally, the existence of subject-matter jurisdiction is determined by examining the complaint as it existed at the time of removal. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004).

Defendants contend that removal is proper because Count Five of the Complaint actually sets forth a retaliatory discharge claim under federal law. (Doc. No. 15 at 1.) Defendants further assert that Plaintiffs are seeking damages under federal law. *Id.*

Plaintiffs' Complaint sets forth the following claims:

- Count One – Sexual Harassment under Ohio Rev. Code ("ORC") § 4112.01(A)

2

>   against all Defendants;
>
> - Count Two – Wrongful Retention and Supervision and Failure to Provide Safe Working Environment under Ohio law against Defendants Baldwin Wallace and Bokan;
>
> - Count Three – Civil Assault and Battery under Ohio law against Defendant Bokan;
>
> - Count Four -- Civil Liability for Criminal Conduct, ORC § 2307.60 against Defendant Bokan; and,
>
> - Count Five – Plaintiff Reickert asserts a Wrongful Termination against Defendant Baldwin Wallace.

(Doc. No. 1-1.) Defendants base their argument on the fact that the Complaint mentions "federal" law in two places. Specifically, Count Five states: "Plaintiff Reickert's termination as a result of his complaining of sexual harassment is contrary to public policy and Ohio and **federal** law." (Doc. No. 1-1 at 9.) (emphasis added) "Federal" is also mentioned in the Prayer for Relief: "Any other damages, fees, and/or costs allowed under the Ohio Revised Code and/or state or **federal** law." *Id.* at 10. (emphasis added)

The Sixth Circuit has indicated that because there is no "single, precise, all-embracing" test for jurisdiction over federal issues involving state-law claims between non-diverse parties, courts must "examine the factors bearing on the substantiality of the federal question involved against the background of the federal-state division of responsibility for adjudicating disputes." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550-551 (6th Cir. 2006).

The *Eastman* Court examined *Long v. Bando Mfg. Of Am., Inc.*, 201 F.3d 754 (6th Cir. 2000), regarding a jurisdictional issue wherein Long's alleged wrongful employment termination violated public policy under both state and federal law. In *Long*, the plaintiff raised several federal and state law claims, including the wrongful discharge in violation of public policy claim. 201 F.3d at 756. Long asserted in his complaint that the public policy violated by his discharge was embodied in several federal statutes.[2] *Id.* After dismissing the federal claims, the

---

[2] Long's wrongful termination claim was based upon a "violation of the public policy of retaliatory discharge." *Long*, 201 F.3d at 756. Both the *Long* and *Eastman* Courts interpreted the "public policy of retaliatory discharge" as referring to both federal and state law. *Long,* 201

3

district court remanded the remaining wrongful discharge in violation of public policy claim to the state court. *Id*. The defendant appealed, arguing that the plaintiff's wrongful discharge claim, "without raising an express or implied federal claim, involve[d] a substantial and disputed question of federal law" and, therefore, the federal court had jurisdiction under 28 U.S.C. §§ 1331 and 1441. *Id*. at 759. On appeal, the *Long* Court noted that the question appeared to be one of first impression in the circuit, but acknowledged that other circuits have held that such claims do not belong in federal court. *Id*. *See Campbell v. Aerospace Corp*., 123 F.3d 1380, 1315 (9th Cir. 1997) (finding the federal interest to be insufficient, and noting that state law mirrors the federal policy at issue), *cert den*., 523 U.S. 1117, 118 S.Ct. 1794, 140 L.Ed.2d 935 (1998); *Willy v. Coastal Corp*., 855 F.2d 1160, 1167-72 (5th Cir. 1988) (finding the federal element in such a claim to be insufficiently substantial and also noting that the plaintiff supported his claim with state as well as federal theories). The *Long* Court held that the district court's "arising under" jurisdiction was not invoked because the complaint set forth alternate state and federal policies to support a state-law wrongful discharge claim.

Interpreting *Long*, the *Eastman* Court held that a "plaintiff's state-law employment claim alleging wrongful discharge in violation of federal public policy does not raise a substantial federal question over which federal courts may exercise original or removal jurisdiction. . . ." *Eastman v. Marine Mechanical Corp*., 438 F.3d 544 (6th Cir. 2006). The *Eastman* Court defined a "substantial" federal question as one involving the interpretation of a federal statute that actually is in dispute and is so important that it "sensibly belongs in federal court." *Eastman*, 438 F.3d at 551.

Here, Defendants maintain that *Long* is distinguishable as the instant Complaint raises an express federal claim. (Doc. No. 15 at 3.) They argue that the wrongful termination claim is presumably brought under Title VII, 42 U.S.C. § 2000e-3. (Doc. No. 15 at 2.) Defendants also rely on *Siekierski v. Friedman, Domiano & Smith Co., LPA*, Case No. 1:10-cv-1211, 2010 WL 3397361 (N.D. Ohio Aug. 26, 2010), which was ultimately remanded for lack of subject-matter

---

F.3d at 760, *Eastman*, 438 F.3d at 551.

jurisdiction. Siekierski alleged wrongful termination based upon "her age and . . . her recent diagnosis of breast cancer in violation of state and federal law." (Case No. 1:10-cv-1211, Doc. No. 1-2.) The *Siekierski* Court applied *Eastman* holding that a wrongful discharge in violation of a federal public policy does not raise a substantial federal question. 2010 WL 3397361, *1.

Defendants would distinguish *Siekierski* as the plaintiff there alleged termination because of membership in a protected class, whereas in the instant matter Plaintiff Reickert alleged wrongful termination because he complained of sexual harassment making it "contrary to public policy and Ohio and federal law." The Court, finds, however, if anything, *Siekierski* supports remand.

"Employment litigation is a common occurrence in both federal and state courts. Federal legislation has provided access to the federal courts by aggrieved employees under specifically delineated circumstances, *e.g.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, but our perception is that the bulk of the judicial business in the United States in this area is conducted by the state courts." *Eastman*, 438 F.3d at 553. If state public policy claims could be converted into federal actions by the simple expedient of referencing federal law as the source of that public policy, this balance would be upset drastically. *Id*. The *Eastman* Court further noted that such a dramatic shift would distort the division of judicial labor assumed by Congress under § 1331. *Id.*

Given these concerns, and following the methodology set forth by Supreme Court precedent, the Court holds that a state-law employment action for wrongful termination in violation of state and federal law, without setting forth specific federal employment statutes, does not present a substantial federal question over which federal courts may exercise "arising under" jurisdiction pursuant to 28 U.S.C. § 1331. *See Eastman*, 438 F.3d at 549-554.

Plaintiffs chose to assert state law claims in the complaint. Plaintiffs did, however, without specific citation, generally refer to "federal" law and damages. The fact remains, however, that the Plaintiffs did not assert claims under federal statutes, or any federal

5

constitutional provisions. "The well-pleaded complaint rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Loftis v. United Parcel Service, Inc*., 342 F.3d 509, 515 (6th Cir. 2003) (*quoting Caterpillar, Inc. v. Williams*, 482 U.S. 386 at 392). Since Plaintiffs are the "master of [the] complaint," the fact that a claim could be stated under federal law does not prevent them from stating it under state law only. *Eastman* at 550 (*citing Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994)). Indeed, as *Eastman* instructs, a claim falls within a district court's original jurisdiction under § 1331 "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law." *Eastman*, 438 F.3d at 550 (citations omitted).

The Court cannot say that federal law "creates" the Plaintiffs' cause of action. Because Plaintiffs' Complaint does not raise a substantial federal question, this Court lacks subject matter jurisdiction, and the case must be remanded to the Cuyahoga County Common Pleas Court.

IT IS SO ORDERED.

                                                          s/ Greg White
                                                          United States Magistrate Judge

Date: March 14, 2013